IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 NOV 16 PM 4:48
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| EDDIE McCLAIN, | X |
| Plaintiff, | X |
| vs. | X  No. 05-2638-Ma/P |
| EASY WAY FOOD STORES, INC., et al., | X |
| Defendants. | X |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER CORRECTING THE DOCKET
ORDER OF PARTIAL DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE ON THE REMAINING DEFENDANT

Plaintiff Eddie McClain filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on September 2, 2005, along with a motion seeking leave to proceed in forma pauperis. Based on the information set forth in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as Easy Way Food Stores, Inc., David Carter, and Barry Carter.[1]

---

[1] Although the complaint does not list the plaintiff's former employer, Easy Way Food Stores, Inc., as a party, the attached documents indicate that he exhausted a Title VII claim against that entity. The Clerk is ORDERED to correct the docket to add Easy Way Food Stores, Inc. as an additional party to this action.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _11-18-05_

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

  (i)   is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). One aspect of plaintiff's complaint is subject to dismissal.

Plaintiff cannot sue defendants David Carter and Barry Carter under Title VII, because there is no personal liability under the employment discrimination statutes against a co-worker or supervisor who does not otherwise qualify as an "employer." Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). Because the plaintiff's EEOC charge names only Easy Way Food Stores, Inc., the fact that David Carter or Barry Carter may have an ownership interest in the business does not alter the fact that the corporation is the employer in this case. Therefore, the Court DISMISSES the complaint as to defendants David Carter and Barry Carter, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

The plaintiff has also filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight

2

U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[2] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174

---

[2] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

3

(2d Cir. 1989).[3] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel. Accordingly, the motion for appointment of counsel is DENIED.

It is ORDERED that the Clerk shall issue process for the remaining defendant and deliver said process to the marshal for service. A copy of this order shall be served on the defendant along with the summons and complaint. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(h)(1). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these

---

[3] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

4

requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 16th day of November, 2005.

                                     SAMUEL H. MAYS, JR.
                                     UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02638 was distributed by fax, mail, or direct printing on November 18, 2005 to the parties listed.

---

Eddie McClain
1738 Willow Wood Ave
Memphis, TN 38127

Honorable Samuel Mays
US DISTRICT COURT